# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CAROL ROYAL, II,<br><br>　　　　Petitioner,<br><br>　v.<br><br>R. ZUNIGA, Warden,<br><br>　　　　Respondent. | Case No. 1:15-cv-00260-LJO-BAM HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION AS MOOT<br><br>(Doc. 9) |

　　　　Petitioner Thomas Carol Royal, II, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claimed that the Federal Bureau of Prisons ("BOP") failed to credit him for time served after the offense date for a Maryland state conviction that has since been invalidated. Petitioner sought an order directing the BOP to apply the credit for time served. On May 1, 2015, Respondent moved to dismiss the petition as moot since BOP has applied the credit and released Petitioner from custody. Petitioner did not reply to the motion.

　　　　The undersigned has reviewed the documentation submitted by Respondent in support of the motion and finds it to be supported by evidence establishing resolution of Petition's claim and his release from federal custody on March 20, 2015. Accordingly, the undersigned recommends that Court dismiss as moot the petition for writ of habeas corpus.

1

## I. Procedural and Factual Background

On January 8, 2009, Maryland State Police arrested Petitioner after they found him in possession of a firearm during a traffic stop. As a result, the State of Maryland charged Petitioner with state weapons violations, which it later dropped, and revoked Petitioner's probation for a prior assault conviction, imposing the 34-month term of incarceration that had been suspended during probation.

The U.S. District Court for the District of Maryland convicted Petitioner of possession of ammunition by a felon (18 U.S.C. § 922(g)(1)) and sentenced him to 188-months in prison. The district court later amended the sentence to 84 months' imprisonment. Petitioner remained in primary state custody, serving the remaining term of the state assault conviction, until his state sentence ended on October 25, 2010. The United States Marshal then moved Petitioner to federal custody.

On May 14, 2014, the Maryland Court of Special Appeals determined that Petitioner's guilty plea was not knowing and voluntary, and reversed the state assault conviction. Petitioner filed the petition for writ of habeas corpus in this Court on February 12, 2015, on the ground that the invalidation of the state assault conviction entitled him to federal sentence credit for the entire time spent in state custody after January 8, 2009. Thereafter, BOP verified the invalidation of the assault conviction and amended Petitioner's release date to March 20, 2015. Petitioner was then released.

## II. Petition Is Moot

Since Article III of the Constitution extends federal court jurisdiction only to actual cases and controversies, courts lack jurisdiction to decide issues or cases that are moot. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70-71 (1983). A case or controversy exists only when a litigant has a personal stake in the outcome through all stages of the federal judicial proceedings and an actual injury that can be addressed by a favorable judicial decision. *Id.* A petition for a writ of habeas

corpus is moot when the petitioner's claim for relief cannot be redressed by the court's granting the petition. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005). A court must dismiss a moot petition because nothing remains before the court for resolution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

The habeas petition in this case sought only application of the time served in Maryland state prison to Petitioner's federal sentence. Because the BOP has applied the sentence credit, recalculated Petitioner's release date, and released him from custody, no case or controversy remains. The petition should be dismissed as moot.

### III. Conclusion and Recommendation

The undersigned RECOMMENDS that the Court dismiss the petition in this case as moot. These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, either party may file written objections with the Court, serving a copy on the opposing parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 26, 2015**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE